UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

WHOLE FOODS MARKET GROUP, INC.
d/b/a Whole Foods Market at 6701 Tubman Highway

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Whole Foods Market Group, Inc. ("Defendant") doing business as Whole Foods Market at 6701 Tubman Highway for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether certain public accommodations are in compliance with the ADA and ADAAG.

5. Defendant Whole Foods Market Group, Inc. is a foreign for-profit corporation authorized to transact business in Florida. Defendant is a subsidiary of Whole Foods Market, Inc. which itself is a subsidiary of Amazon.com, Inc., a NASDAQ publicly traded corporation on the S&P 100 and 500 component. Whole Foods Market, Inc. (the parent corporation of Defendant) operates over 500 Whole Foods Market brand supermarkets throughout the United States and many stores in the United Kingdom.

## FACTS

6. Whole Foods Market supermarkets sell general grocery items and have specialized departments for produce, meat and seafood, baked goods. All Whole Foods Market supermarkets are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Whole Foods supermarket located at 6701 Tubman Highway which is the subject of this complaint is also referenced as "Whole Foods supermarket," "Whole Foods (Market) at 6701 Tubman Highway," "supermarket," or "place of public accommodation."

7. As the operator of Whole Foods brand supermarkets which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III

because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

8. Due to the close proximity to Plaintiff's home to the Whole Foods Market at 6701 Tubman Highway (approximately 4 miles), on October 27, 2021 Plaintiff went to that supermarket with the intent of purchasing grocery items and test for ADA/ADAAG compliance.

9. While Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

10. Due to the non-ADA compliant restroom facilities, Plaintiff has been denied full and equal access by the Defendant.

11. Due to the extent of Defendant's supermarket operations, number of Whole Foods brand supermarkets and the retail activities of Defendant's parent corporation, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its supermarkets. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Whole Foods Market at 6701 Tubman Highway is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize and/or test the Whole Foods Market at 6701 Tubman Highway for compliance with the ADA/ADAAG, but continues to be

injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the Whole Foods Market at 6701 Tubman Highway, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he utilized the restroom. Therefore, Plaintiff has suffered an injury in fact.

19. As the owner and operator of the Whole Foods Market at 6701 Tubman Highway, Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations its supermarket in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Whole Foods Market located at 6701 Tubman Highway.

21. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant's Whole Foods Market at 6701 Tubman Highway is in violation of 42 U.S.C. §12181 *et seq.*, the ADA, and 28 C.F.R. §36.302 *et seq.* and as such, Defendant is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. On entry to the restroom, Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

ii. Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects, such as towel racks and dispensers, can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum.

iv. Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the

2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

v. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall does not have fully wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vi. Plaintiff could not use the lavatory mirror without assistance, as the lavatory mirror (outside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

 vii. Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

 viii. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall does not have fully wrapped bottom sink pipes, hence, proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design.

 ix. Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted in the required location so is out of reach of a disabled individual in wheelchair. This is a violation of 2010 ADA Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finished floor and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

24. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Whole Foods Market at 6701 Tubman Highway accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Whole Foods Market Group, Inc. (operator of Whole Foods Market at 6701 Tubman Highway) and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its Whole Foods Market at 6701 Tubman Highway such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 15th day of November 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*